IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Herman Joseph Daniels, III, | ) |
|               Petitioner, | ) Civil Action No. 3:11-1445-JFA-JRM |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Anthony Padula, Warden of | ) |
| Lee Correctional Institution, | ) |
|               Respondent. | ) |

Petitioner, Herman Joseph Daniels ("Daniels"), is an inmate with the South Carolina Department of Corrections serving a sentence of thirty years imprisonment for voluntary manslaughter and a five year concurrent sentence for attempting to burn a building or property. He filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 28, 2011. Respondent filed a return and motion for summary judgment on September 19, 2011. Because Daniels is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on September 20, 2011 explaining to him his responsibility to respond to the motion for summary judgment. Daniels filed his response to Respondent's motion on October 24, 2011.

# Background and Procedural History

On February 18, 2003 in Orangeburg County, Daniels and his brother beat Bernard Boatwright with a hammer and strangled him with an electrical cord resulting in his death. The two became suspects and were given polygraphs. After they had confessed, they were arrested for murder and attempting to burn a building. The case was called for jury selection and trial on June 1, 2004. An extensive Jackson v. Denno, 378 U.S. 368 (1964) hearing was conducted, and the trial judge ruled the statements admissible. (App. 369-370). Thereafter, Daniels and his brother reached a plea agreement for voluntary manslaughter and entered pleas. Daniels was represented by Crystal Chapman, Esquire.

No direct appeal was filed. Daniels filed a *pro se* application for post-conviction relief on May 10, 2005. (App. 410). The application was amended by Daniels' counsel, Charles T. Brooks, III, Esquire. An evidentiary hearing was held on May 20, 2008. (App. 425). The PCR court issued an order of dismissal on July 18, 2008. (App. 454).

A Johnson[1] petition for writ of certiorari was filed by the South Carolina Commission on Indigent Defense raising the following issue:

> The PCR judge erred in denying petitioner's allegation that he did not voluntarily and intelligently waive his right to a direct appeal in the case.

Pursuant to state procedure, Daniels filed a *pro se* brief raising the following issues:

1. The P.C.R judge erred in denying petitioner's allegation that he did not voluntarily and intelligently waive his right to a direct appeal in this case.

2. The P.C.R judge erred in finding petitioner was not denied effective assistance of counsel.

---

[1]Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

3. Petitioner's memorandum in support of P.C.R. application was not submitted, which interfered with P.C.R judge judgement.

4. Petitioner's trial transcript is missing pages, which also interfered with P.C.R judge judgement.

5. May the court(s) find that denial of suppression motion trial counsel had made was improper.

The petition for writ of certiorari was denied on April 6, 2011. The Remittitur was returned on April 25, 2011.

## Grounds for Relief

In his present petition, Daniels asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Constitutional Violations

Supporting Facts: The fact is the "Judge" statements and actions did in fact show "prejudice", as to "Counsels'" testimony was with merit as the Judge did make those statements concerning the petitioner. The comment from the "Judge" "By Law". The Judge was suppose to "Uphold the Law By Law". Since the Judge did not uphold the Law By Law, Constitutional violations could and can be established as "Prejudice", "Miscarriage of Justice."

**Ground Two:** Ineffective Assistance of Counsel

Supporting Facts: Once the right to counsel has attached and been asserted, the State "must" honor it; this means more than simply that the State cannot prevent the accused from obtaining the assistance of counsel; the Sixth Amendment also imposes on the State an affirmative obligation to respect and preserve the accused's choice to seek this assistance. *See Memorandum In Support of Motion to Suppress

**Ground Three:** Subject-Matter-Jurisdiction

Supporting Facts: A plea of guilty cannot be accepted unless there has been a wavier of presentment to the Grand Jury and requires correction. Nor was there a sufficient indictment to the Grand Jury

when there was no sufficient indictment to the preliminary hearing as to; Petitioner was arrested Feb. 28, 2003, however petitioner wasn't indicted until seven (7) months latter[sic] on Sept. 8, 2003; True Billed Sept. 11, 2003.

**Ground Four:** Ineffective Assistance of Counsel

Supporting Facts: It's petitioner position that trial counsel failure to appeal these egregious defected unconstitutional indictments, deprived petitioner effective assistance, nor could there have been any valid strategy to justify counsel(s) failure to object to these prohibited charges of the fact.

**Ground Five:** Ineffective Assistance of Counsel

Supporting Facts: Trial counsel was unprepaired[sic] for trial, as stated at Post- Conviction Relief Hearing counsel testified she was prepaired[sic]. Trial counsel received two (2) letters from solicitor Robert D. Robbins. The first letter asking if counsel testified "Handicaped"[sic] the case. Crystal Chapman (trial counsel) received that letter on May 24, 2004 in which counsel made a motion (Memorandum In Support of Motion to Suppress) to where counsel asked for a Jackson v. Denno Hearing. This was sufficient proof that trial counsel was unprepaired[sic] for petitioner's trial.

## Discussion

Respondent asserts that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the Petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-

conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those rare instances where–due to circumstances external to the [Petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [Petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable

tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* Harris, 209 F.3d at 331.

Daniels entered his guilty plea on June 2, 2004. Since Daniels did not file a direct appeal, the statute of limitations began to run ten days later. Because June 12, 2004 was a Saturday, the statute of limitations began to run on Monday, June 14, 2004. The statute of limitations ran until May 10, 2005, when it was tolled by the filing of the PCR. By that time 330 days of untolled time had lapsed. The statute of limitations remained tolled until final resolution of the PCR appeal. The Supreme Court mailed the Remittitur on April 25, 2011. Records from the Clerk of Court in Orangeburg County show that the Remittitur was docketed on April 26, 2011. At that time, the statute of limitations began to run again. Daniels states, and the envelope in which the petition was received by this Court confirms, that he delivered his petition for mailing to the institutional mail room on June 9, 2011. Using April 26, 2011 as the date the statute of limitations began to run again, another 44 days of untolled time lapsed before the filing of the petition on June 9, 2011. Therefore, a total of 374 days of untolled time lapsed between the date Daniels' conviction became final and the filing of the present petition. The petition was not timely filed.

Daniels did not make a statement in the "Timeliness of Petition" section of his petition. (Petition, p. 18). However, in his Roseboro response, Daniel quotes from a letter he received from

his appellate attorney which was dated two days after the petition for writ of certiorari was denied.

According to Daniels, he was advised:

> There is now a one-year statute of limitations for filing an application for a writ of habeas corpus in federal court. However, please be aware that the time between your direct appeal becoming final, and the date your P.C.R. application is filed will count against your federal habeas statu[t]e of limitations in the future. This statu[t]e of limitations is strictly enforced.

(Roseboro Response, p. 18).

Despite the fact that counsel warned Daniels and advised him correctly as to how the time limits were computed under the AEDPA statute of limitations, he did not file his petition on time. Daniels does not argue cause and prejudice, but states that given what he was advised he had more than 34 days to file his petition after the Remittitur was returned by the South Carolina Supreme Court. Daniels cites no rationale for his erroneous statement.

Because the present petition is untimely, the undersigned recommends that Respondent's motion for summary judgment be **granted** and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
June 27, 2012

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).