UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Herman Joseph Daniels, III, #302463, | ) | C/A No. 3:11-1445-JFA-JRM |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| Anthony Padula, Warden of Lee Correctional Institution, | ) | |
| Respondent. | ) | |

The *pro se* petitioner, Herman Joseph Daniels, III, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 challenging his state court convictions for voluntary manslaughter and attempting to burn a building or property.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted because the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 27, 2012. The petitioner filed timely objections to the Report after being granted an extension of time within which to do so. Thus, this matter is ripe for review.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

The Report recites the factual and procedural background giving rise to this action. Briefly, the petitioner pled guilty to voluntary manslaughter and was sentenced on June 2, 2004 to 30 years with a five-year concurrent sentence for attempting to burn a building or property. He did not file a direct appeal of these convictions.

On May 10, 2005, petitioner filed a *pro se* application for post-conviction relief (PCR). An evidentiary hearing was held on May 20, 2008 and the PCR court dismissed the application on July 18, 2008.

Counsel for the petitioner then filed a *Johnson* petition for writ of certiorari raising the claim that the PCR judge erred in denying petitioner's allegation that he did not voluntarily and intelligently waive his right to file a direct appeal. *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). Petitioner filed a *pro se* brief raising the same issue that he did not voluntarily waive his direct appeal and that the PCR judge erred in finding that petitioner was not denied effective assistance of counsel. He also claimed that his memorandum in support of his PCR application was not filed, the trial transcript was missing pages, and the denial of his suppression motion was improper. The Supreme Court denied the writ of certiorari and issued the remittitur on April 25, 2011.

In his present federal petition, Daniels raises various claims of constitutional violations, ineffective assistance of counsel, and lack of subject matter jurisdiction.

In his motion for summary judgment, the respondent asserts that the petition should be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214 (AEDPA). The one-year statute of limitations began to run on the date petitioner's convictions became final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Here, petitioner entered his guilty plea and was sentenced on June 2, 2004. Since he did not file a direct appeal, the statute of limitations began to run on June 14, 2004. The statute of limitations ran for 330 days untolled until petitioner filed his PCR on May 10, 2005. Thereafter, the limitations period was tolled until final resolution of the PCR appeal with the docketing of the Supreme Court's remittitur on April 25, 2011. The statute then began to run untolled again until June 9, 2011, the date petitioner delivered the petition to the institutional mail room for filing with this court. Thus, a total of 374 days of untolled time lapsed between the date petitioner's conviction became final and the filing of his federal habeas petition before this court. The petition was not filed within the one-year or 365 day time limitation.

Daniels appears to contend that he was advised by his attorney that he had more than 34 days to file his petition after the remittitur was returned. In his objections to the Report, he asserts that he has no knowledge of the criminal justice system, that he was not informed the petition was not filled out properly, and was not asked to submit additional or correct information. He also contends that he has diligently pursued information from the SCDC that some extraordinary circumstance stood in his way preventing him from filing a timely

petition. He submits that he will not be able to receive documents or a letter until August 14, 2012. Notably, the petitioner was granted an extension of time to file objections to the Report. His objections were signed and dated August 15, 2012. However, no support for his "extraordinary circumstance" is included in his objections. Petitioner has failed to establish that his petition is timely or that he is entitled to equitable tolling under *Pace v. DiGulielmo*, 544 U.S. 408, 414 U.S. 4, 8 (2000). Moreover, he cannot claim that his attorney's alleged mistake in advising him about the filing date for a federal habeas petition under the AEDPA is not an extraordinary circumstance to warrant equitable tolling.

The Magistrate Judge concurs with the respondent's argument that the petitioner's claim is barred because it was not timely filed under the one-year statute of limitations created by the AEDPA). In addition, the Magistrate finds no showing by the petitioner that would entitle him to equitable tolling.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference, and the petitioner's objections are overruled.

Accordingly, the respondent's motion for summary judgment (ECF No. 13) is granted and the § 2254 petition is denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," his motion for a certificate of appealability (ECF No. 24) is denied. 28

5

U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

August 23, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).